IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jeremy P. Defour,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:19cv1355 (CMH/TCB) |
| | )<br>) |
| K9 Officer Jones, et al.,<br>    Defendants. | )<br>) |

MEMORANDUM OPINION & ORDER

Under consideration is a motion for summary judgment filed by defendant Michael Brooks, M.D. ("Dr. Brooks" or "defendant"), in this civil rights action filed by Virginia state prisoner Jeremy Defour. See Dkt. Nos. 48-50. In this suit, plaintiff claims that he was injured by a canine while incarcerated at Sussex II State Prison ("SIISP") and that he was later provided inadequate medical attention by Dr. Brooks.[1] See Dkt. No. 1. In his motion, Dr. Brooks argues that the summary judgment record demonstrates that he was not deliberately indifferent to plaintiff's medical needs and therefore cannot be held liable in this suit. See Dkt. Nos. 48-50. Plaintiff opposes the motion. See Dkt. No. 57. For the reasons explained below, it is clear that Dr. Brooks is entitled to the entry of judgment in his favor.

I. Background

The record reflects as follows.[2] At all relevant times, plaintiff was a prisoner at SIISP, where, at all relevant times, Dr. Brooks served as the medical director pursuant to a contract with

---

[1] This Memorandum Opinion & Order addresses only Dr. Brooks's motion and does not address the motion for summary judgment filed by the defendants plaintiff claims were responsible for his dog bite wounds. That motion, see Dkt. No. 58, remains under consideration at this time.

[2] The factual record is derived from plaintiff's verified complaint ("Compl.") [Dkt. No. 1], the affidavit and exhibits supplied by Dr. Brooks (respectively "Brooks Aff." and "Exh.") [Dkt. No.

Armor Correctional Health Services, Inc. Compl. ¶ 8; Brooks Aff. ¶ 1. On October 12, 2018, at approximately 7:00 p.m., plaintiff was involved in a physical altercation with another inmate. Compl. ¶ 38. Two correctional officers—"K9 Officer Jones" and "K9 Officer Franklin"—responded to the scene. Id. at ¶ 40. One of the canine units bit plaintiff several times, causing wounds to plaintiff's groin and buttocks. Id. at ¶ 56.

After the altercation, plaintiff was escorted to a different area in the prison, where an unknown individual photographed plaintiff's wounds after a prison lieutenant "poured water on [them]." Id. at ¶ 57. Plaintiff was then escorted to the segregation unit, where he informed staff members that he was in pain. Id. at ¶ 61. These individuals instructed plaintiff to fill out a "sick call request," which plaintiff did on October 13 and 15, 2018. Id. at ¶¶ 63, 65.

On October 22, 2018, plaintiff refused to attend a nurse sick call appointment. Brooks Aff. ¶ 17. Three days later, plaintiff was seen in the medical clinic by Dr. Brooks. Id. at ¶ 18. That day, plaintiff presented with intestinal problems and dog bites. Id. The parties dispute the level of attention Dr. Brooks paid to this latter issue. Plaintiff, for one, claims that Dr. Brooks conducted no physical examination of the wounds and merely inquired when plaintiff had sustained them. Pl. Aff. ¶¶ 5, 9. According to plaintiff, Dr. Brooks then stated that "after two weeks dog bites should be well healed." Compl. at ¶ 77. Defendant, meanwhile, states that his examination of plaintiff "revealed [plaintiff] had six dog bites that … were all well healed [and did not require any further treatment]." Brooks Aff. ¶ 18. What is not disputed is that at this appointment, based on the dog bites, Dr. Brooks ordered a tetanus booster for plaintiff. Id.

At the time of the October 25 appointment, plaintiff had a preexisting prescription for the non-narcotic analgesic Percogesic. Id. at ¶ 14. Between October 14, 2018 and October 31, 2018,

---

49], and the affidavit plaintiff submitted in opposition to the motion for summary judgment ("Pl. Aff.") [Dkt. No. 57].

plaintiff availed himself of the pain medication only sixteen times out of a possible thirty-nine. Id. at ¶ 20.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Variety Stores v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018). Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the nonmoving party "must show that there is a genuine dispute of material fact for trial … by offering sufficient proof in the form of admissible evidence." Id. (quoting Guessous v. Fairview Prop. Inv'rs., LLC, 828 F.3d 208, 216 (4th Cir. 2016)). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## III. Analysis

Plaintiff levies only one claim against Dr. Brooks: that the doctor violated his rights under the Eighth Amendment by offering inadequate medical attention to his dog bite wounds. An inmate's Eighth Amendment protections against cruel and unusual punishment include a right to the medical care necessary to address his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Indeed, a prison official's "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

To prove an Eighth Amendment violation based on prison medical care, then, a prisoner-plaintiff must prove first that the condition he suffered from is or was "serious." To do so, he must demonstrate that his condition is or was "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Then, to demonstrate that the defendant acted with deliberate indifference, the plaintiff must show that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accordingly, in an Eighth Amendment claim such as the one at issue, the relevant inquiry is not whether a defendant has abided by every prevailing medical standard in his or her treatment of a plaintiff; instead, a reviewing court is to consider whether the defendant affirmatively ignored a significant risk to the plaintiff's safety. See Slonaker v. Kennedy, No. 2:18-cv-1173, 2021 WL 458005, at *8 (S.D. W. Va. Feb. 9, 2021) ("[T]he record does not suggest that [the defendant's] decisions fell below a professional standard of care. But even if they did, such malpractice is not sufficient for an Eighth Amendment deliberate indifference claim under § 1983.") (citing Estelle, 420 U.S. at 106).

Here, even assuming arguendo that plaintiff's dog bite wounds constituted a "serious medical need," the evidence at summary judgment makes abundantly clear that Dr. Brooks was not deliberately indifferent to that need. Indeed, Dr. Brooks inquired as to the origin of plaintiff's dog bite wounds, asking plaintiff how long before the medical appointment he had been bitten. Although the parties dispute whether defendant engaged in a physical examination of plaintiff's injuries, it is undisputed that, in response to the dog bite wounds, Dr. Brooks ordered a tetanus booster shot on plaintiff's behalf.

Even construing the record in the light most favorable to plaintiff and assuming Dr. Brooks did not physically examine plaintiff's dog bite wounds, it is clear that, by ordering plaintiff a tetanus booster, he foreclosed himself from constitutional liability. Cf. Vance v. Shearin, No. ELH-14-272, 201 WL 433666, at *18 (D. Md. Jan. 30, 3015) (finding medical defendants who provided prisoner-plaintiff ointment for a rash but did not examine the rash were not deliberately indifferent to plaintiff's needs); Odighizuwa v. Williams, No. 7:06-cv-168, 2006 WL 840327 (W.D. Va. Mar. 30, 2006) (finding plaintiff failed to state deliberate indifference claim where doctor prescribed plaintiff anti-inflammatory medication for ear pain without physically examining plaintiff's ear itself).

Indeed, it is clear that Dr. Brooks did not "disregard" plaintiff's condition; he proactively ordered a vaccination to ensure that plaintiff did not face complications from his injuries in the future. He did so cognizant of the fact that plaintiff already possessed a pain medication prescription. Plaintiff's claim, then, is best described as one based on a difference of opinion between doctor and patient. And although Dr. Brooks's chosen course of treatment may not have satisfied plaintiff, this will not support a constitutional claim. See, e.g., Cabbagestalk v. Hardin, No. 5:13-cv-2974-RMG, 2014 WL 2881930, at *7 (D.S.C. June 25, 2014) ("Plaintiff may disagree with the amount of treatment he received or may object to the medical staff's attitude towards him, such allegations do not constitute a constitutional violation.").

## IV. Conclusion and Order

At base, viewing the summary judgment record in the light most favorable to plaintiff, this is a case in which plaintiff may well have received less attention than he would have liked and even care of a quality he deemed inadequate. The very same record, however, undeniably demonstrates that plaintiff received a tetanus shot and had pain medication available to him—

5

medication he routinely declined to avail himself of. The Court thus concludes that, as a matter of law, Dr. Brooks did not violate plaintiff's Eighth Amendment rights and is entitled to judgment in his favor. Cf. Edwards v. Proctor, No. 2:06cv89, 2009 WL 87011, at *6 (N.D. W. Va. Jan. 12, 2009) (denying relief where plaintiff "may have received bad care, but he did receive care") (citing Holmes v. Sheahan, 930 F.2d 1196 (7th Cir. 1991)).

For these reasons, defendant Dr. Brooks's Motion for Summary Judgment [Dkt. No. 48] is GRANTED, and it is hereby

ORDERED that judgment be and is entered in favor of defendant Dr. Brooks.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of defendant Michael Brooks, M.D., and to forward copies of this Order to plaintiff, pro se, and counsel of record for defendants.

Entered this 26th day of Mar., 2021.

Alexandria, Virginia

_Claude M. Hilton_
United States District Judge